UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKEEL ABDUL JAMIEL,

        Plaintiff,

-against-

MAYOR BILL de BLASIO; CITY OF NEW YORK,

        Defendants.

1:19-CV-6787 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal-question jurisdiction and alleging that Mayor Bill de Blasio and the City of New York are failing to safeguard him and other New Yorkers from illegal immigrants.

By order dated October 28, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original)). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

For his "Statement of Claim," Plaintiff alleges:

> I'm suing Mayor Bill De Blasio for Negligence by providing sanctuary for illegal immigrants who are placing a hardship on me. Violations of the United States Constitution in Equal protection of law, security, occupations and conditions not to effect residence. As mayor he is supposed to safeguard his citizens and fellow New Yorkers from such illegal immigrants. … As a result I am unable to find and keep a job and provide for my self nor will I able to keep a roof over my head. I'm forced to be homeless and be on public assistance due to his careless protection of the law as mayor and elected official.

(ECF No. 2, 5.)[1]

---

[1] Plaintiff makes similar allegations in a letter he filed with his complaint. (ECF 3). The Court construes the letter as a supplement to the complaint.

Plaintiff seeks damages in the amount of $85,000,000 for his pain and suffering.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (Section 1332).

Plaintiff's reference to "equal protection of law" suggests that he intends to invoke the Court's federal-question jurisdiction. Although Plaintiff does not state what it is that he expects Mayor de Blasio or the City of New York to do, Plaintiff's complaint could be construed as asserting that Mayor de Blasio and the City have violated Plaintiff's federal constitutional rights by failing to enforce unspecified laws. But even if Plaintiff had specified the laws he expects Mayor de Blasio and the City to enforce, there is no federal constitutional duty on the part of government officials to enforce laws and parties may not use federal litigation to compel them to do so. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994).

Moreover, for any suit, the Court must have subject-matter jurisdiction under Article III of the U.S. Constitution, which limits the power of federal courts to "Cases" or "Controversies." An "essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). This standing requirement consists of the following three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'" Second, there must be a causal

> connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted; second, third, and fourth alterations in original).

A "'generalized grievance,' no matter how sincere, is insufficient to confer standing. A litigant 'raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.'" *Hollingsworth*, 570 U.S. at 706 (quoting *Lujan*, 504 U.S. at 573-74); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he Court has held that when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

If a plaintiff lacks standing under Article III, then the federal court has no subject-matter jurisdiction to hear his claim. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Moreover, a court has an obligation to raise the question of whether the court has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Plaintiff lacks standing to raise his claims because he has failed to allege that Mayor de Blasio's or the City's alleged actions or omissions have caused him an "injury in fact" that is "concrete and particularized." A person suffers an "injury in fact" when he experiences "some threatened or actual injury resulting from the putatively illegal action[.]" *Virginia v. Am. Booksellers Ass'n., Inc.*, 484 U.S. 383, 392 (1988) (quoting *Warth*, 422 U.S. at 499) (internal

quotation marks omitted))). Plaintiff's allegations merely describe a generalized grievance about what Plaintiff perceives to be Mayor de Blasio's or the City's failure to take some unspecified action in response to illegal immigration.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject-matter jurisdiction and as frivolous. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 1, 2019
       New York, New York

                                                COLLEEN McMAHON
                                         Chief United States District Judge